IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELINDA DANGERFIELD, | * | CIVIL NO. JKB-19-155 |
| Plaintiff, | * | |
| v. | * | |
| JOHNS HOPKINS BAYVIEW MEDICAL CENTER, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Introduction*

Plaintiff Melinda Dangerfield ("Plaintiff") commenced this action by filing a complaint against her former employer, Johns Hopkins Bayview Medical Center, Inc. ("Johns Hopkins" or "Defendant"), for race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, intentional infliction of emotional distress, hostile work environment based on race and gender in violation of 42 U.S.C. § 1981, and breach of contract. Johns Hopkins moved to partially dismiss the complaint or, in the alternative, for summary judgment ("the Motion"). (ECF No. 11.) This matter is fully briefed (ECF Nos. 12, 13) and no hearing is required, *see* Local Rule 105.6 (D. Md. 2018). As explained more fully below, Defendant's Motion will be granted as to Counts III, IV (regarding gender discrimination only), and V of the complaint and Plaintiff will be directed to show cause why Counts I and IV based upon racial discrimination should not be dismissed.

## *II. Allegations in the Complaint*

Plaintiff was employed by Johns Hopkins as a Nurse Recruiter Assistant on July 14, 2008. (Complaint ¶ 5, ECF No. 1.) She alleges that she was the only African American woman out of six employees in her department for a significant period during her employment. (*Id.* ¶ 6.) She alleges that beginning on March 29, 2010, she was subjected to condescending and abusive language and behavior by her fellow colleagues and supervisor. (*Id.* ¶ 7.) She further alleges that she was treated disparately from her co-workers regarding annual leave and raises. (*Id.* ¶ 9.) At some point, Plaintiff filed a grievance and multiple complaints with her supervisor and Johns Hopkins's human resources department regarding the discriminatory work environment. (*Id.* ¶ 7.) Plaintiff states that in direct retaliation for her own reports to human resources, her supervisor and colleagues filed complaints against Plaintiff. (*Id.* ¶ 8.) However, Plaintiff alleges the complaints against her were based upon false allegations of inappropriate behavior. (*Id.*)

On September 17, 2018, Plaintiff was issued a written warning and placed on paid leave, allegedly based upon the false accusations made by her supervisor and colleagues. (*Id.* ¶ 10.) Due to the alleged discrimination, harassment, and retaliation, she requested a transfer to a lateral position on October 4, 2018. (*Id.* ¶ 11.) Plaintiff claims she was terminated the same day because of her race and gender. (*Id.* ¶ 12.) As a result of the allegedly intentional and unlawful employment practices, Plaintiff suffered, *inter alia*, damages, loss of "medical and wage earnings," humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and inconvenience. (*Id.* ¶ 14.)

## *III. Legal Standard for Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* Court stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## *IV. Analysis of Motion to Dismiss*

Plaintiff's complaint asserts five claims: Count I, alleging racial discrimination; Count II, alleging retaliation; Count III, alleging intentional infliction of emotional distress; Count IV, alleging hostile work environment; and Count V, alleging breach of contract.[1] Defendant moved to dismiss the claims for intentional infliction of emotional distress, hostile work environment based on sexual discrimination, and breach of contract, only. However, given the complaint's sparse factual allegations, the Court questions the sufficiency of Plaintiff's claims for race-based hostile work environment and discrimination. The Court will first address the grounds raised in Defendant's Motion and then turn to the claims for race-based hostile work environment and discrimination.

---

[1] Count V is mis-numbered in the complaint as Count IV.

3

### A. Intentional Infliction of Emotional Distress

Defendant seeks dismissal of the state law claim of intentional infliction of emotional distress ("IIED") because the behavior Plaintiff alleges to have occurred is insufficient to rise to the level of offensive conduct that constitutes intentional infliction of emotional distress. Under Maryland law, a successful claim of IIED requires a plaintiff to establish four elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) the conduct must be causally related to the emotional distress; and (4) the emotional distress must be severe. *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). The conduct alleged in the complaint consists of condescending and abusive language and behavior. Plaintiff claimed that she endured repeated acts of intentional, extreme, and outrageous behavior, including disciplinary actions based upon false allegations, verbal abuse from colleagues and supervisors, and the constant (and realized) threat of termination for unfounded claims. (Compl. ¶ 25.) Plaintiff has provided no factual content to support her conclusional allegations of "condescending and abusive language and behavior" or "verbal abuse" or "repeated acts of intentional, extreme, and outrageous behavior." The Maryland Court of Appeals has indicated that the conduct for this tort must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Harris*, 380 A.2d at 614 (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1965)). Pleading a claim for IIED is a rigorous and difficult burden to satisfy. *Ky. Fried Chicken Nat'l Mgmt. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992). Recovery is limited to the most extreme and unusual circumstances. *Hrehorovich v. Harbor Hosp. Ctr., Inc.*, 614 A.2d 1021, 1034 (Md. Ct. Spec. App. 2010). Based on the nature and severity of conduct Plaintiff alleges only in vague

generalizations, the Court cannot conclude that Plaintiff has stated a plausible claim for IIED and, therefore, Count III will be dismissed.

## B. Gender-Based Hostile Work Environment

Count IV of the complaint alleges that Defendant fostered an illegal and abusive work environment and discriminated against Plaintiff "because of her race and gender" and that the conduct is actionable pursuant to 42 U.S.C. § 1981. Defendant argues this claim must be dismissed insofar as it asserts gender discrimination. Defendant is correct that relief under 42 U.S.C. § 1981 is limited to correcting racial discrimination and does not extend to situations of gender discrimination. *Runyon v. McCrary*, 427 U.S. 160, 167 (1976); *Cornell v. Gen. Elec. Plastics*, 853 F. Supp. 221, 223 (S.D. W. Va. 1994); *Betof v. Suburban Hosp., Inc.*, Civ. No. DKC-11-1452, 2012 WL 2564781, at *12 (D. Md. June 29, 2012). Therefore, Defendant's Motion will be granted as to her claim of gender discrimination under Count IV because it fails to state a claim for relief.

## C. Breach of Contract

Under well-established Maryland law, a complaint asserting breach of contract "must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010) (quoting *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 369 A.2d 566, 569 (Md. 1977)). Here, Defendant seeks to dismiss Count V for failure to state any facts to support a breach of contract claim. Indeed, the sole factual averment in the complaint regarding this claim is paragraph 32, which states, "Defendant has not followed the procedures outlined in its employees' handbook." (Compl. ¶ 32.) In response (and presumably to stave off Defendant's alternative request for summary judgment), Plaintiff contends that she has

5

not had the opportunity to discover information that is essential to her opposition. Plaintiff attached to her Response in Opposition (ECF No. 12) an affidavit stating that, at the time of her termination, Johns Hopkins had an employee handbook, and she also attached a copy of the handbook. Even if the Court were to consider the employee handbook,[2] the complaint lacks any allegation that the employee handbook created a contractual obligation that Defendant breached. Nowhere does Plaintiff allege any implicit or explicit promise that bound Defendant to the handbook's provisions or cite to any contractual provisions that Defendant breached. In that regard, the complaint fails to satisfy even the most liberal pleading standards of Federal Rule of Civil Procedure 8(a), and, consequently, Count V will be dismissed.

### D. Racial Discrimination

As stated above, Defendant did not request dismissal of the employment discrimination claims allegedly arising from racial bias. Nevertheless, this Court may dismiss a claim *sua sponte* for failure to state a plausible claim for relief. *Cutonilli v. Maryland*, 251 F. Supp. 3d 920, 924 (D. Md.), *aff'd*, 696 F. App'x 648 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 456 (2017) (citing 5B Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1357 (3d ed.) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties. Since the motion to dismiss ... raises only an issue of law, the court has no discretion as to whether to dismiss a complaint that it determines is formally or substantively insufficient.")); *see also Sheehan v. Saoud*, 650 F. App'x. 143, 152-53 (4th Cir. 2016) (collecting cases).

---

[2] "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

6

Count I seeks relief for racial discrimination based upon disparate treatment and Count IV seeks relief for a racially hostile work environment.[3] In support of Count I, Plaintiff alleges that she was treated unfairly compared to her colleagues in terms of requested leave, assignments, and treatment by her supervisor based upon her race. As to Count IV, Plaintiff alleges that she endured repeated acts of disciplinary actions based upon false allegations, verbal abuse from colleagues and supervisors, and the constant (and realized) threat of termination for unfounded claims. The Court finds that Plaintiff has pleaded nothing more than the statutory elements without sufficient factual support. Plaintiff fails to allege facts that show a discriminatory intent against Plaintiff because of her race. *See, e.g., Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2016) (finding complaint conclusionally alleged plaintiff was terminated based on race and did not assert facts establishing plausibility of allegation). Furthermore, Plaintiff has not offered any facts to support her conclusional allegations of racial discrimination beyond the fact that Plaintiff is African American and her colleagues and supervisors were not. As the Fourth Circuit found in *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, the plaintiff there had not pleaded adequate facts to give rise to a reasonable inference of discrimination. 780 F.3d 582 (4th Cir. 2015) ("Only speculation can fill the gaps in her complaint—speculation as to why two 'non-Black candidates' were selected to fill the positions instead of her."). Here, the Court cannot reasonably infer the offensive conduct was racially motivated based on the simple fact that Plaintiff was African American and her co-workers were not. Accordingly, Plaintiff has failed to state a plausible claim for relief. However, because Defendant did not challenge these claims in its

---

[3] "A hostile environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (*en banc*) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Motion, Plaintiff will be afforded the opportunity to explain why the claims should not be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## V. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss will be granted, Counts III and V will be dismissed, and Count IV will be dismissed as to the gender discrimination claim only. As to Counts I and IV, Plaintiff will have twenty-one days to show cause why those claims should not be dismissed for failure to state a claim.[4] A separate order follows.

DATED this _11_ day of October, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[4] The Court concludes that Plaintiff has sufficiently stated a plausible claim for retaliation and, therefore, Count II of the complaint will not be subject to the Court's order to show cause.

8