IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MELINDA DANGERFIELD,** | * | CIVIL NO. JKB-19-155 |
| Plaintiff, | * | |
| v. | * | |
| **JOHNS HOPKINS BAYVIEW MEDICAL CENTER, INC.,** | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### I. *Introduction*

Melinda Dangerfield ("Plaintiff") sued her former employer, Johns Hopkins Bayview Medical Center, Inc. ("Defendant"), for race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, intentional infliction of emotional distress, hostile work environment based on race and gender in violation of 42 U.S.C. § 1981, and breach of contract. Defendant moved to partially dismiss Plaintiff's complaint (Mot. Dismiss, ECF No. 11), and this Court granted that motion with respect to Plaintiff's claims for breach of contract, intentional infliction of emotional distress, and gender-based hostile work environment (Mot. Dismiss Order, ECF No. 15). The Court also expressed doubts regarding the adequacy of Plaintiff's claims for racial discrimination and a racially hostile work environment, but because Defendant had not challenged those claims in its motion for partial dismissal, the Court provided Plaintiff an opportunity to explain why those claims should not also be dismissed. (Mot. Dismiss Mem. at 6–8, ECF No. 14.)

Plaintiff filed her Response to the Court's Order to show cause on November 5, 2019.[1] (Pl. Resp., ECF No. 16.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will dismiss Plaintiff's claims for racial discrimination and a racially hostile work environment.

## *II. Factual Background*

The factual allegations supporting Plaintiff's claims are detailed in the Court's prior Memorandum partially dismissing Plaintiff's claims (Mot. Dismiss Mem. at 2), but the Court will briefly summarize them here for completeness. Plaintiff alleges that at some points of her employment with Defendant she was the only African American female in her department. (Compl. ¶ 6, ECF No. 1.) Plaintiff alleges she was treated disparately in her requests for raises and annual leave. (*Id.* ¶¶ 9, 18.) She also alleges she was "consistently subjected to condescending and abusive language and behavior," and filed a grievance and complaints with Defendant "regarding the discriminatory work environment." (*Id.* ¶ 7.) She says false complaints were made against her in retaliation for making these complaints. (*Id.* ¶ 8.) On September 17, 2018, Plaintiff was issued a warning and placed on paid leave based on the allegedly false allegations made against her. (*Id.* ¶ 10.) She was subsequently terminated on October 4, 2018, the same day she requested transfer to another position. (*Id.* ¶¶ 11–12.)

## *III. Standard*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[1] The Court's Order dictated that Plaintiff's Response be filed within 21 days of the date of signature on the Order, which was October 11, 2019. Accordingly, Plaintiff's Response was due on November 1, 2019. However, Plaintiff's Response was not filed until November 5, 2019, which was 21 days from the date the Order was docketed, but not the date on which it was signed. Despite its lateness, the Court considered its contents and finds them unpersuasive, as discussed below.

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of the mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. Courts must "accept the well-pled allegations of the complaint as true, . . . constru[ing] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Courts need not accept legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Plaintiffs need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). However, the plaintiff must present facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV. *Analysis*

Plaintiff alleges that she was discriminated against based on her race and that she experienced a racially hostile work environment while employed by Defendant. The Court will address each claim in turn.

### A. *Racial Discrimination*

Title VII protects employees against racial discrimination in the workplace. 42 U.S.C.A. § 2000e-2. A claim of discrimination under Title VII lacking direct evidence requires plaintiff demonstrate: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse

employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman*, 626 F.3d at 190. To survive a motion to dismiss, the plaintiff must allege facts that are not merely "consistent with discrimination," but rather "support a reasonable inference that the decisionmakers were motivated by bias." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) (emphasis omitted).

Plaintiff argues that her discrimination claim was adequately pleaded because this Court found she sufficiently pleaded a claim for retaliation after she made complaints about racial discrimination. (Pl. Resp. at 2–3.) She bases this argument on *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005), which found that "[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination" under Title IX. Analogizing this principle to Title VII claims, Plaintiff argues that retaliation against individuals who complain of racial discrimination also constitutes racial discrimination under Title VII. (Pl. Resp. at 2–3.)

However, Plaintiff ignores the Supreme Court's explicit differentiation of Title IX and Title VII as they relate to claims of retaliation. Title IX "is a broadly written general prohibition on discrimination followed by specific, narrow exceptions," while Title VII "spells out in greater detail the conduct that constitutes discrimination in violation of that statute." *Jackson*, 544 U.S. at 175. The two statutes are "vastly different," *id.*, because Title VII expressly prohibits retaliation against individuals who oppose unlawful actions under that statute, 42 U.S.C.A. § 2000e-3. Therefore, individuals who believe they were retaliated against due to complaints about racial discrimination already have an explicit cause of action under Title VII, 42 U.S.C.A. § 2000e-3, unlike those who complain about retaliation for making a complaint under Title IX. If retaliation for making complaints about racial discrimination also qualified independently as racial

4

discrimination, the additional section of Title VII prohibiting retaliation would be superfluous. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Accordingly, the Court will not interpret Title VII in such a way that transforms every claim of retaliation into a claim of discrimination, and thus render 42 U.S.C.A. § 2000e-3 superfluous.

Turning to the facts pleaded in Plaintiff's complaint, Plaintiff has failed to plead facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. There is nothing in her allegations, absent the fact that she was the only African American female employed by Defendant in her department, that suggests the actions Plaintiff complains of were based on her race. Plaintiff fails to provide any of the substance behind the "condescending and abusive language" she says she experienced, making it impossible for the Court to determine whether such behavior was racially motivated. (Compl. ¶ 7.) Plaintiff also fails to explain how she was disparately treated when it came to raises or annual leave, and why this treatment was due to her race. (*Id.* ¶¶ 9, 18.) A pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is insufficient to make general allegations of discrimination; rather, a Plaintiff must plead specific facts supporting the inference that the behavior complained of was taken on account of Plaintiff's race. Accordingly, the Court will dismiss Plaintiff's claim for racial discrimination.

### B. Hostile Work Environment

A Title VII claim of a racially hostile work environment requires a plaintiff show: "'(1) unwelcome conduct; (2) that is based on the plaintiff's . . . [race]; (3) which is sufficiently severe

5

or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011) (alteration and internal quotation marks omitted). A hostile work environment claim requires that the plaintiff subjectively perceive the environment to be hostile and that the environment is objectively hostile as judged by a "reasonable person." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). In determining whether a workplace is a hostile environment, courts must look to "all the circumstances," which could include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. Courts should also consider the workplace environment's "effect on the employee's psychological well-being." *Id.* Workplace interactions which are merely "disrespectful, frustrating, critical, and unpleasant" do not create a hostile work environment. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (unpublished).

The United States Court of Appeals for the Fourth Circuit has found that "general allegations" about a hostile work environment devoid of "accounts of specific dates, times or circumstances" are insufficient to survive a motion to dismiss a hostile work environment claim. *Carter v. Ball*, 33 F.3d 450, 461–62 (4th Cir. 1994). Plaintiff alleges she was "consistently subjected to condescending and abusive language and behavior" by colleagues and her supervisor, "with the first incident occurring on March 29, 2010." (Compl. ¶ 7.) While Plaintiff does provide one date on which the allegedly hostile behavior occurred, she fails to provide any details about the substance of these exchanges or the severity and frequency with which they occurred. Without details about the nature of the remarks and behavior at issue, it is impossible for the Court to

determine whether the behavior she complains of would be seen as objectively hostile by a "reasonable person." *Harris*, 510 U.S. at 21. Such general assertions, devoid of factual support, do not meet the plausibility standard required to survive a motion to dismiss.

In addition, as with Plaintiff's claim for racial discrimination, Plaintiff also fails to plead facts demonstrating that the "abusive" behavior she complains of was based on her race. (Compl. ¶ 7.) Though Plaintiff argues in her Response that her employer made racist statements "many times" (Pl. Resp. at 5), Plaintiff did not make that allegation in her Complaint. She complained only of "condescending and abusive language and behavior." (Compl. ¶ 7.) Plaintiff cannot amend her Complaint through briefing. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, the Court will dismiss Plaintiff's claim of a racially hostile work environment.

## V. Conclusion

For the reasons set forth above, Counts I (racial discrimination) and IV (racially hostile work environment) will be dismissed for failure to state a claim.

DATED this _18_ day of November, 2019.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge
